IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| **BENJAMIN S. GOLDBERG**<br>c/o Daniel A. Harvill, PLLC<br>9403 Grant Avenue, Suite 202<br>Manassas, VA 20110<br><br>    Plaintiff,<br><br>v.<br><br>**MICHAEL KONE**<br>Serve at:    6001 O'Day Drive<br>                Centreville, VA 20121<br><br>**PAULA KRUEGER**<br>Serve at:    Virginia National Guard<br>                Joint Headquarters<br>                Chesterfield, VA 23237<br><br>**RUSSEL WOODLIEF**<br>Serve at:    Virginia National Guard<br>                Joint Headquarters<br>                Chesterfield, VA 23237<br><br>**CAMERON SHAFFER**<br>Serve at:    Virginia National Guard<br>                Joint Headquarters<br>                Chesterfield, VA 23237<br><br>    Defendants. | Case No. 3:21cv100 |

## COMPLAINT

COMES NOW, Plaintiff, Benjamin S. Goldberg, by counsel, and respectfully seeks judgment against Defendants as follows:

**Introduction**

1. This is Plaintiff's claim seeking damages and relief for deprivation of statutory and constitutional rights, without due process of law, as a result of the efforts of Virginia National Guard personnel to hide an affair between Plaintiff's spouse AC, and an officer in the Virginia National Guard, HS.

## Parties

2. Plaintiff is an adult individual and resident of the Commonwealth of Virginia.

3. Defendant, Michael Kone, upon information and belief, is an adult individual and resident of the Commonwealth of Virginia.

4. Defendant, Paula Russel, upon information and belief, is an adult individual and resident of the Commonwealth of Virginia.

5. Defendant, Russell Woodlief, is an adult individual and resident of the Commonwealth of Virginia.

## Statement of Facts

6. Beginning in approximately February of 2018, while the Virginia National Guard was deployed to Kosovo with the United States Military, AC and HS engaged in an extramarital affair.

7. On or about July 19, 2018, AC abandoned her marriage with Plaintiff. Thereafter, in late February 2019, AC sought assistance from National Guard personnel and her Commander, Defendant, Captain Kone, to deprive Plaintiff of certain spousal statutory benefits from his marriage to AC.

8. Aware of the affair between AC and HS, Plaintiff reported such matter as allowed by proper protocol for military spouses.

2

9. The Commander, Defendant Captain Kone, selectively enforced regulations regarding the relationship between AC and HS because he is friends with HS and the entire chain of command would look bad if a soldier of the rank of HS, was reprimanded in that fashion.

10. This allowed for the opportunity for their relationship to grow and become physical.

11. The stated purpose of that regulation is to prevent such relationships because it would undermine the unit discipline, morale, etc.

12. The Commander, by willfully allowing his friend and fellow officer, HS, to engage in an extramarital affair with AC, and enlisted person, undermined regulations, unit morale, etc., and the coverup from that led to events that deprived Plaintiff of spousal benefits.

13. Had Captain Kone enforced regulation and orders when advised of the relationship, the opportunity would have never existed.

14. As a result of the efforts of Defendant Kone, Basic Allowance for Housing (BAH) was withheld from Plaintiff beginning near the end of February 2019, when he first sought to make a claim for it.

15. Instead, BAH continued to be paid directly to AC for months and years after she abandoned the marriage, and deprived Plaintiff of the funds and money necessary to ensure his continued support from his spouse.

16. Plaintiff made numerous attempts to obtain the BAH from the Virginia National Guard while AC was deployed. However, the actions of Captain Kone, and other members of AC's chain of command to cover up the relationship of AC and HS prevented Plaintiff from receiving his rightful spousal benefits.

17. The amount of BAH benefits that were deprived of Plaintiff were $27,537.00.

18. Furthermore, under military regulations an abandoned spouse is entitled to access to the chain of command of the spouse.

19. Plaintiff was deprived of his access to his wife's Chain of Command.

20. Defendant Krueger became in volved in the cover up in approximately February 2019 and assisted Kone in blocking Plaintiff in obtaining BAH benefits, and cutting off communication with the chain of command.

21. Defendant Woodlief became involved in approximately February 2019 and assisted Kone in bocking Plaintiff from BAH benefits and cutting off communication with the chain of command.

22. Defendant Shaffer is presently the commander since November 2019.

23. Due to Defendant Kone, Shaffer, Krueger and Woodlief, and other members of the chain of command's cover up of the relationship of AC and HS, both willingly and by orders by higher ranking members withheld contact with Plaintiff.

24. Defendants Kone, Shaffer, Krueger and Woodlief and other unknown members of the chain of command directly contacted AC concerning communication attempts by Plaintiff with the chain of command and refused to speak to Plaintiff, thereby preventing him from obtaining his benefits.

25. Defendant Shaffer has cut off communication with Plaintiff continuing deprivation of his BAH benefits.

26. Defendant Shaffer has also "advised" unofficially some of his soldiers to cut ties with Plaintiff's business, which is weapons sales, and encouraged them to shop elsewhere.

4

27. The behavior of cutting Plaintiff off from communication and benefits began in February 2019 while AC was in training with the military out of state shortly after AC returned from deployment.

28. Said behavior continues to the present since AC returned from deployment.

29. To the extent that Kone, Shaffer, Krueger and Woodlief were acting as federal officers, they would have been doing so for all times pertinent hereto until November 2019.

30. To the extent that Kone, Shaffer, Krueger and Woodlief were state actors, they would have been acting as such from November 2019 to present.

31. The actions of Kone, Shaffer, Krueger and Woodlief were done willfully and wantonly without regard to Plaintiff's rights and in derogation of them intending to deprive him of his BAH benefits.

32. Kone, Shaffer, Krueger and Woodlief communicated and agreed amongst themselves and with AC and HS to deprive Plaintiff of his rights in BAH benefits and access to the Chain of command.

## COUNT I – 42 USC 1985

### Deprivation of Fourteenth Amendment Rights

33. Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

34. While state actors, Defendant's Kone, Shaffer, Krueger and Woodlief conspired to deprive Plaintiff of his statutory right to BAH and the chain of command without due process of law in violation of the 14th Amendment.

WHEREFORE, Plaintiff seeks damages in the amount of $27,537.00, punitive damages in the amount of $100,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

## COUNT II – BIVENS CONSPIRACY CLAIM

35. Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

36. While state actors, Defendant's Kone, Shaffer, Krueger and Woodlief conspired to deprive Plaintiff of his statutory right to BAH and accesss to the chain of command without due process of law in violation of the 5th Amendment.

WHEREFORE, Plaintiff seeks damages in the amount of $27,537.00, punitive damages in the amount of $100,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

## COUNT III – 42 USC 1983

37. Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

38. While state actors, Defendant's Kone, Shaffer, Krueger and Woodlief acted to and did deprive Plaintiff of his statutory right to BAH and access to the chain of command without due process of law in violation of the 14th Amendment.

WHEREFORE, Plaintiff seeks damages in the amount of $27,537.00, punitive damages in the amount of $100,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

## COUNT IV – BIVENS CLAIM

39. Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

40. While federal officers, Defendant's Kone, Shaffer, Krueger and Woodlief acted to and did deprive Plaintiff of his statutory right to BAH and access to the chain of command without due process of law in violation of the 5th Amendment.

WHEREFORE, Plaintiff seeks damages in the amount of $27,537.00, punitive damages in the amount of $100,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

## COUNT V – VIRGINIA HUMAN RIGHTS ACT

41. Plaintiff repeats and realleges each and every foregoing paragraph as if fully set forth herein.

42. While state actors, Defendant's Kone, Shaffer, Krueger and Woodlief acted to and did deprive Plaintiff of his statutory right to BAH and access to the chain of command without due process of law in violation of the 14th Amendment.

WHEREFORE, Plaintiff seeks damages in the amount of $27,537.00, punitive damages in the amount of $100,000.00, plus prejudgment and post judgment interest, his attorney's fees and such other relief as the Court deems just and proper.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

Respectfully Submitted

Benjamin S. Goldberg
By Counsel

_____
Daniel A, Harvill, Esq. (VSB# 47756)
Counsel for Plaintiff
DANIEL A. HARVILL, PLLC
9403 Grant Avenue, Suite 202
Manassas, VA 20110
Phone:       703-485-3111
Fax:         571-287-6795
Mobile:      703-507-6969
E-mail: danielaharvillpllc@gmail.com