IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BENJAMIN S. GOLDBERG,            )
                                                    )
              Plaintiff,        )
                                                    )
v.                                      )        Civil Action No. 3:21-cv-100–HEH
                                                    )
MICHAEL KONE, *et al.*,            )
                                                    )
              Defendants.      )

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

This matter is before the Court on Defendants'[1] Motion to Dismiss (the "Motion") (ECF No. 15) filed on September 27, 2021. On February 19, 2021, Benjamin Goldberg ("Plaintiff") filed a Complaint alleging that Defendants violated his constitutional right to due process. (Compl., ECF No. 1.) Defendants argue that the Complaint fails to state a claim and the Court lacks subject matter jurisdiction.[2] The parties submitted memoranda in support of their respective positions. On December 9, 2021, the Court heard oral argument on the issues, and the Motion is now ripe for review. For the reasons stated

---

[1] Defendants are Captain Michael Kone, Ret. Master Sergeant Paula Wells (formerly Krueger), Colonel Russel Woodlief, and Captain Cameron Shaffer. The United States of America was substituted as the sole defendant with respect to Count V. (Notice of Substitution, ECF. No. 14-1.)

[2] Defendants' argument that the Court lacks subject matter jurisdiction is only relevant to Count V. Plaintiff does not dispute that the Court lacks subject matter jurisdiction over Count V, and thus, the Court will grant the Motion to Dismiss as to Count V on that basis.

herein, the Motion will be granted, and the Court will dismiss the Complaint without prejudice.

## I. BACKGROUND

As required by Federal Rule of Civil Procedure 12(b)(6), in reviewing a motion to dismiss for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Viewed in this light, the relevant facts are as follows.

Plaintiff is married to his partner AC. (Compl. at 2.) AC is an enlisted member of the Virginia Army National Guard ("VANG"). (*Id.*) In February 2018, AC was deployed to Kosovo. (*Id.*) During that deployment, AC had an extramarital affair with HS, an officer of VANG. (*Id.*) On July 19, 2018, AC "abandoned her marriage" with Plaintiff. (*Id.*)

In February 2019, Plaintiff demanded that VANG give him his Basic Allowance for Housing (the "BAH"), which he believed he was entitled to after AC abandoned the marriage. (*Id.* at 3.) The BAH is a sum of money for housing expenses granted to active members of the military and National Guard members. 37 U.S.C. §§ 403(a),(g). Plaintiff claims Captain Kone and other officers, including Wells, Woodlief, and Schafer, concealed AC's extramarital affair and conspired to deprive Plaintiff of the BAH. (*Id.*) VANG never paid the BAH to Plaintiff; and instead, VANG paid the BAH directly to AC. (*Id.*) Plaintiff also asserts that as an abandoned spouse, military regulations entitle him to speak with and access AC's superior officers. (*Id.* at 4.) Plaintiff refers to

2

this right of access to AC's superiors as access to her "chain of command." (*Id.*) Nevertheless, Defendants denied Plaintiff access to AC's chain of command by refusing to speak to him. (*Id.*)

In his Complaint, Plaintiff alleges five counts. Each count, through different legal theories, alleges that Defendants, individually or through a conspiracy, deprived Plaintiff of the BAH and access to the chain of command without due process of law. Count I is brought pursuant to 42 U.S.C. § 1985. (*Id.* at 5.) Counts II and IV are brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which allows a plaintiff to sue federal officers for a deprivation of his constitutional rights. (*Id.* at 6.) Count III is brought pursuant to 42 U.S.C. § 1983. (*Id.*) Finally, Count V is brought pursuant to the Virginia Human Rights Act. (*Id.*)

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendants argue that the Court should dismiss Counts I through IV because Plaintiff does not allege that he has a cognizable property interest for which due process is required. (Defs.' Mem. Supp. at 7, ECF No. 16.) To sufficiently allege a violation of due process, Plaintiff must demonstrate that a government action deprived him of life, liberty, or property. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 79 (4th Cir. 2016). Property interests protected by procedural due process "extend well beyond actual ownership of real estate, chattels, or money." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). For a person to have a property interest in something, he must "have more than an abstract desire for it [and] more than a unilateral expectation of it." *Id.* He must have "a legitimate claim of entitlement to it." *Id.* Due process does not create a property interest, "rather the property interest 'must be created or defined by an independent source.'" *Kerr*, 824 F.3d at 79 (quoting *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 109 (4th Cir. 2011). These independent sources include "rules or

4

understandings that secure certain benefits and that support claims of entitlement." *Roth*, 408 U.S. at 577.

First, Plaintiff asserts that federal statutes entitle him to a property interest in the BAH. (Compl. at 5–7; Pl.'s Mem. Opp'n at 5–6, ECF No. 21.) The BAH is granted to active service members according to 37 U.S.C. § 403. This statute provides, "a member of a uniformed service who is entitled to basic pay is entitled to a basic allowance for housing." *Id.* § 403(a); *see id.* § 403(g) (extending the BAH to National Guard units). The amount of the BAH for a member will vary according to the pay grade, the dependency status of the member,[3] and the geographic location of the member. *Id.* No part of the statutory language requires the BAH to be paid directly to military spouses. The language only discusses the entitlements of a uniformed service member, and Plaintiff is not a member of any uniformed service. As a result, § 403 cannot constitute an independent source from which Plaintiff's property interest can stem. *See Roth*, 408 U.S. at 577.

Second, Plaintiff also asserts that Army Regulation ("A.R.") 608-99 entitles him to a property interest in the BAH and his spouse's chain of command. (Pl.'s Mem. Opp'n 5–6.) A.R. 608-99 places certain obligations upon soldiers to pay family support and to share the BAH with their spouses. The regulation "prohibits the use of a Soldier's military status or assignment to deny financial support to Family members." *Id.* at § 1-7. Support obligations under A.R. 608-99 are created in many circumstances including

---

[3] Under 37 U.S.C. § 401, a spouse is considered a dependent for the purpose of military benefit distribution.

5

when one party voluntarily chooses to cease living in the same residence as the other. *Id.* at § 2-7(a)(3). The regulation also establishes a framework which outlines how a soldier's superior should respond to inquiries made by spouses concerning a refusal to provide financial support. *Id.* at § 3. This framework requires commanders to send a reply in response to each inquiry within a reasonable time. *Id.* at § 3-3.

The first paragraph of the regulation states that "this regulation should not be construed to create any right, benefit, or entitlement, substantive or procedural, enforceable by law or in equity, by a party against the United States, its agencies, its officers, or any other person." *Id.* § 1-1.

Parts of the regulation clearly give Plaintiff the right to seek the BAH from his spouse, but that is not what he attempts to do here. Instead, Plaintiff seeks the BAH from Defendants, the United States, and officers of VANG. Nothing in A.R. 608-99 gives Plaintiff a property interest in the BAH or "access to the chain of command" enforceable against Defendants. (Compl. at 4.) Therefore, the Complaint does not identify any property interest that Defendants unconstitutionally deprived Plaintiff of, and, consequently, Plaintiff does not state a claim for relief under the Due Process Clause. *See Roth*, 408 U.S. at 577.

The Court need not address whether Defendants acted as state or federal officers because, in either scenario, the Plaintiff was not deprived of a constitutionally protected property interest. For this reason alone, Counts I through IV will be dismissed.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff's Complaint fails to state a claim for relief on Counts I through IV. Furthermore, the Court finds that it lacks subject matter jurisdiction over Count V. Accordingly, Defendants' Motion to Dismiss (ECF No. 15) will be granted.

An appropriate Order will accompany this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Henry E. Hudson
　　　　　　　　　　　　　　　　Senior United States District Judge

Date: Dec. 17, 2021
Richmond, Virginia